DIETSCH v LONG et

Ohio Appeals, 3rd Dist.,
Hancock Co.

No. 439. Decided June 9, 1942.

OPINION

The consideration for the transfer of the real estate in the instant case was the satisfaction of an indebtedness which at the time was owing by the grantor to the grantee, in the form of a judgment enforceable against property real or personal or both, owned by him at any time while the judgment would remain unpaid. And there was no proof that the real estate conveyed to plaintiff in satisfaction of the debt due him from the grantor was of a value greater than was the amount due plaintiff on the debt when the conveyance was made. By accepting the real estate in satisfaction of his debt the grantee not only parted with his property which was the debt, but changed his condition in that by a consummation of the transac-tion he deprived himself of all rights and remedies as to the debt. The persons seeking to impress their claims on the real estate conveyed were not at any time owners of any interest in the real estate conveyed but had only equitable rights for an accounting against the grantor, which, if they had pursued their remedies prior to the transfer, by proper proceedings in equity, could have had impressed as liens on the real estate conveyed. Hence they were creditors.

In the case of **Carlisle v Wishart, 11 Ohio Reports, 173,** it was held that where a negotiable note has, before it fell due, been transferred in consideration of a pre-existing debt, the maker can not, as against the person receiving it, without notice, take advantage of any equities between himself and the payee.

In the opinion in the case of **Lewis v Anderson, et al, 20 Oh St 281,** at page 285 it is stated: "The rule which favors a bona fide purchaser of land, and that which protects the holder of negotiable paper for value before due from infirmities affecting the instrument before it was transferred, are based substantially on the same equitable grounds, and upon the policy of the law, which favors trade and the security of titles, as conducive to the public good."

The case of **Lewis v Anderson, supra,** which the defendants-appellees cite as being contrary to the holding of this court in the instant case, simply holds that where there is no consideration for a mortgage of real estate, other than a pre-existing debt of a mortgagor, and the mortgagee is not induced thereby to change his condition in any manner, he cannot be regarded as a purchaser for value, and therefore is not entitled to the protection against

prior liens afforded in equity to bona fide purchasers, although he had no notice of such liens.

In that case there was no satisfaction of the pre-existing debt or change in position by the creditor, as there was in the instant case, so the holding in that case has no bearing on the question involved in the present case.

The decision in Eaton Company v Davidson, 46 Oh St 355, which is relied upon by the defendants-appellees as establishing a rule contrary to the rule adopted by the court in the instant case, is based solely on the theory that a defrauded vendor of personal property has an equity in the property transferred by him, superior to that of a vendee of his vendee where the sole consideration of the transfer by his vendee to such vendee is a pre-existing debt.

In that case the subject matter of the action was personal property and the complaining party was the owner of the property in controversy which had been obtained from him by fraud, and the defense of bona fide purchaser was asserted against him in that capacity, while in the instant case the subject matter is real estate and the parties against whom such defense is asserted at no time had any title to the property in controversy and were simply endeavoring to subject the property after title to it had vested in the grantee, to certain equities which had existed between them and the grantor which by proper proceedings they could have enforced against the property as against the grantor. The subject matter of the action and the status of the parties in that case is therefore wholly different from the subject matter of the action and the status of the parties in the instant case and consequently the rule estab-

lished by the decision in that case is inapplicable to the instant case.

A valid and subsisting debt is a sufficient consideration for a transfer of property by a debtor to a creditor if the property be taken in discharge of a debt and the property is not greater in value than the amount of the debt when the transfer was made. 36 L. R. A. 348, Note B.

Application for rehearing denied. Exceptions saved.